Receipt #0066730

ORIGINAL

FILED
JUN 27 2007
U.S. COURT OF
FEDERAL CLAIMS

# IN THE UNITED STATES COURT
# COURT OF FEDERAL CLAIMS

X-------------------------------------------------------------------------------------------X

MENNINGER ARMY RESERVE LLC and MEYER LANDAU,
Plaintiffs,

Docket No.

-against-

07-425 C

UNITED STATES OF AMERICA
Defendant

X-------------------------------------------------------------------------------------------X

## COMPLAINT

The plaintiffs, by their attorneys, NOVAK JUHASE & STERN. LLP, as and for their complaint, state as follows:

1. This Court has original jurisdiction for this matter pursuant to 28USC § 1491(a) (2).
2. This matter involves a claim by a US citizen against the United States of America for breach of contract and specifically against the General Services Department for the sale of real estate and the improvements located thereon.
3. Plaintiff Landau is an individual residing in Brooklyn New York who was the successful and highest bidder for the purchase of the Menninger Army Reserve Center in Topeka, Kansas (the "Army Base"). The corporate plaintiff was the actual grantee of the deed for the Army Base. Landau is the sole member of the plaintiff LLC. Both plaintiffs herein referred to a "plaintiff."
4. The Army Base was being sold pursuant to contract No. GS-07P-06-PR-E-008.
5. Plaintiff's bid of $230,000 was accepted from the US General Services Administration by letter on March 27, 2006 addressed to the plaintiff.

6. Closing for the contract was to occur on April 27, 2006.

7. On or about March 28, 2006 plaintiff visually inspected the Army Base and found it to be in good working order and secure and in fair condition.

8. Barbara Mercer, supervisory staff administrator of the 821st Transportation Battalion in Topeka Kansas showed plaintiff the Army Base.

9. At the time plaintiff viewed the Army Base it appeared to be secure and not subject to any vandalism.

10. On or about March 28, 2006 plaintiff returned to New York City where he lives and prepared to proceed to closing.

11. Plaintiff closed on the aforementioned contract on April 27, 2006 and forwarded to defendant via wire the remaining balance of $207,000.

12. At the time plaintiff closed on the contract he was in New York City. Closing was effectuated by plaintiff merely wiring the balance of the purchase price to defendant which he did.

13. At the time that plaintiff wired the balance of $207,000 to defendant he was not given a deed nor was he able to obtain possession of the Army Base at that time.

14. Unbeknownst to plaintiff sometime between the time he inspected the Army Base (March 28, 2006) and the date the Risk of Loss passed to the plaintiff, the Army Base was vandalized.

15. This vandalism caused extensive damage to the Army Base.

16. Plaintiff found out about the destruction to the Army base on or about May 30, 2006.

17. The damage was extensive.

18. Plaintiff contacted an insurance adjuster and proceeded to have him look at the Army Base.
19. Plaintiff's expert -- who is a licensed insurance adjuster -- has estimated the damage to the Army Base to be $1,218,809.
20. Upon information and belief, this damage occurred before the plaintiff closed on the contract.
21. Such vandalism continued in an open and notorious manner for many weeks prior to the April 27, 2006 closing.
22. Defendant or its agents and employees knew or should have known that prior to the closing date the Army Base was not in the same condition as when defendant saw the property on March 28, 2006.
23. Defendant and its agents did nothing to prevent the continued destruction and vandalism of the Army Base because no they longer cared since the Army Base was being sold.
24. Defendant had a duty to exercise reasonable care to maintain and preserve the Army Base.
25. Defendant failed to maintain the Army Base in a safe manner and protected from criminal vandals.
26. That had plaintiff known that the Army Base was in such a great state of disrepair and vandalism he would not have completed the sale of the contract.
27. The defendant did not convey the Army Base to plaintiff at the earliest until May 30, 2006.
28. Pursuant to the contract, defendant was obligated to provide plaintiff with a written notice of a request to take possession of the Army Base.
29. Defendant never provided plaintiff with any written notice.
30. Pursuant to paragraph 9 of the General Terms of Sale (Governmental Real and Related

Personal Property) the risk of loss did not pass to the plaintiff until after May 30, 2006.

31. All the damage to the Army Base occurred prior to May 30, 2006.

32. Most of the damage occurred prior to April 27, 2006; the date plaintiff wired the balance of the funds to defendant.

**AS AND FOR A FIRST CAUSE OF ACTION**

33. Plaintiff repeats and re-alleges each and every allegation heretofore enumerated.

34. Defendant was duty bound to maintain the Army Base in a secure manner.

35. Defendant failed in such duty.

36. Defendant's agents knew or should have known that by openly abandoning the Army Base in Topeka Kansas that the base would be open to vandals to unlawfully enter upon the premises and to steal personal property from the Army Base.

37. Defendant had a duty to maintain the base in the same state of repair as it was on March 28, 2006 until the risk of loss passed to a lawful purchaser herein the plaintiff.

38. That between the time plaintiff inspected the Army Base and the time he took possession of the Army Base, over one million dollars worth of personalty was removed from or was destroyed at the Army Base. This personalty included but was not limited to HVAC units, kitchens and all associated kitchen equipment, electrical wiring in particular copper wiring, and class room fixtures.

39. That had the defendant maintained any reasonable level of security for the Army Base, then the vandals would not have attacked the Army Base.

40. That the injury caused to plaintiff on account of defendant's failure to maintain some security at the Army base was not less than $1,218,809.

**41.** Plaintiff has been injured on account of defendant's negligence in the amount of $1,218,809.

**AS AND FOR A SECOND CAUSE OF ACTION**

42. Plaintiff repeats and re-alleges each and every allegation heretofore enumerated.

43. The contract placed the risk of loss on the defendant until the earlier of the time that plaintiff took possession of the Army Base or sixteen days after defendant gave plaintiff notice of his ability to take possession.

44. All the injury the Army Base occurred while the risk of loss remained with the defendant.

45. Defendant is in breach of contact and the risk of loss of the $1,218,807 is that of the defendant.

46. Plaintiff has been injured on account of defendant's breach in the amount of $1,218,809.

**AS AND FOR A THIRD CAUSE OF ACTION**

47. Plaintiff repeats and re-alleges each and every allegation heretofore enumerated.

48. Both plaintiff and defendant were mistaken about the condition of the Army Base at the time plaintiff closed on the contract on April 27, 2006.

49. This mistake was a mutually mistaken belief.

50. Had both parties known of the condition of the Army Base they would have not closed on the contract.

51. Plaintiff may rescind the contract and hereby seeks to so rescind and obtain back his $230,000 plus interest from April 27, 2006.

**AS AND FOR A FOURTH CAUSE OF ACTION**

52. Plaintiff repeats and re-alleges each and every allegation heretofore enumerated.

53. Plaintiff was mistaken about the condition of the Army Base at the time plaintiff wired funds on the contract on April 27, 2006.

54. Plaintiff had visually inspected the Army Base on March 28, 2006 and at that time there was no vandalism.

55. Defendant knew or should have known about the condition of the Army Base prior to April 27, 2006 and has informed the plaintiff of the vandalism.

56. Defendant knew or should have known that plaintiff had no way to know of the condition of the Army Base.

57. Defendant was duty bound to inform plaintiff of such changed condition prior to allowing plaintiff to wire the balance of the purchase price.

58. Had plaintiff known of the condition of the Army Base, he would have not closed on the contract.

59. Had defendant informed plaintiff of the condition of the Army Base, he would have not closed on the contract.

60. At the time plaintiff closed on the contract he was mistaken in his understanding of the condition of the Army Base and defendant was prior to such date of closing duty bound to inform plaintiff of his mistaken belief.

61. Plaintiff may rescind the contract and hereby seeks to so rescind and obtain back his $230,000.

62. Plaintiff seeks judgment against the defendant in the amount of $230,000 plus interest since April 27, 2006.

**AS AND FOR A FIFTH CAUSE OF ACTION**

63. Plaintiff repeats and re-alleges each and every allegation heretofore enumerated.

64. Plaintiff seeks this court to determine a reasonable amount of attorneys fees to awarded to plaintiff pursuant to the Equal Access to Justice Act, 28 USC § 2414 et seq..

65. Such application will be made within 30 days of the conclusion of the trail of this matter.

**WHEREFORE,** plaintiff demand judgment against the defendant in the sum of $1,218,809.00 on the first and second causes of action, and $230,000 on each of the other causes action, plus interest, costs and interest, and such other and further relief as the court may deem just and proper and an award of attorneys fees pursuant to the fifth cause of action, the Equal Access to Justice Act..

Dated: New York, New York
June 25, 2007

Yours, etc.,

**NOVAK JUHASE & STERN**

By: G. Alexander Novak
GAN 1239
*Attorneys for Plaintiff*
483 Chestnut Street
Cedarhurst NY 11516
516-569-3030 (tel)
516-569-3039 (fax)
Novak@njslaw.com