IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MENNINGER ARMY RESERVE, LLC and MEYER LANDAU, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-425C (Judge Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in the first sentence of paragraph 3 that plaintiff was the successful and highest bidder for the purchase of the Menninger Army Reserve Center in Topeka, Kansase, denies the remaining allegations in the first sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 3. Denies the allegations contained in the third sentence of paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Denies.

5. Admits to the extent supported by the cited letter, which is the best evidence of its contents; otherwise denied.

6. Denies.

7. Admits the allegations contained in paragraph 7 that plaintiff visually inspected the Army Base; denies the remaining allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits.

9. Denies the allegations contained in the first sentence of paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits the allegations contained in paragraph 11 that plaintiff wired funds representing the remaining balance on the contract on April 27, 2006; denies the remaining allegations contained in paragraph 11.

12. Denies.

13. Denies.

14. Denies.

15. Denies.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies.

21. Denies.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

23. Denies.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies.

28. The allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Denies.

30. The allegations contained in paragraph 30 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

31. Denies.

32. Admits the allegations contained in paragraph 32 that plaintiff wired funds representing the remaining balance on the contract on April 27, 2006; denies the remaining allegations contained in paragraph 32.

33. The allegations contained in paragraph 33 are plaintiffs' reiterations of each previous allegation to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

35. The allegations contained in paragraph 35 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

37. The allegations contained in paragraph 37 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

38. Denies.

39. Denies.

40. Denies.

41. The allegations contained in paragraph 41 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

42. The allegations contained in paragraph 42 are plaintiffs' reiterations of each previous allegation to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

44. The allegations contained in paragraph 44 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

45. The allegations contained in paragraph 45 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

46. The allegations contained in paragraph 46 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

47. The allegations contained in paragraph 47 are plaintiffs' reiterations of each previous allegation to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 are plaintiffs' reiterations of each previous allegation to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. The allegations contained in paragraph 53 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

54. Admits the allegations contained in paragraph 54 that plaintiff inspected the Army Base; denies the remaining the allegations contained in the paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth

55. The allegations contained in paragraph 55 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

60. The allegations contained in paragraph 60 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

63. The allegations contained in paragraph 63 are plaintiffs' reiterations of each previous allegation to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 constitute conclusions of law to which no answer is required; to the extent that they may be deemed allegations of fact, they are denied.

66. Denies that plaintiff is entitled to the relief set forth in the prayers for relief immediately following paragraph 67, or to any relief whatsoever.

67. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

October 25, 2007

Attorneys for Defendant

Certificate of Filing

I hereby certify that on this 25th day of October, 2007, a copy of "Defendant's Answer" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/Carrie Dunsmore
Carrie A. Dunsmore