IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MENNINGER ARMY RESERVE, LLC and MEYER LANDAU, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-425C (Judge Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC") and the Court's Special Procedures Order, plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiffs state that the Court has jurisdiction to consider and decide this action pursuant to the Tucker Act, 28 U.S.C. § 1491. Defendant agrees that this Court possesses jurisdiction to entertain Counts II - V of plaintiff's complaint, but disagrees that this Court possesses jurisdiction to entertain Count I of plaintiffs' complaint, because that Count sounds in tort and this Court does not possess jurisdiction over tort claims.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that this case should not be bifurcated.

d. Deferral

The parties agree that this case should not be deferred pending resolution of any other cases. The parties further state that they are not aware of any basis for transferring or remanding the case to another tribunal, and that they are not aware of any related cases in this or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

Defendant states that it intends to file a motion to dismiss Count I of the complaint for lack of subject matter jurisdiction. Furthermore, the parties may submit cross-motions for summary judgment pursuant to RCFC 56 after discovery has been completed.

h. Relevant Issues

Plaintiff's Statement Of the Issues

Plaintiff contends the relevant factual issues include when the criminal mischief and destruction occurred, defendant's response to such mischief, whether defendant reasonably secured its vacant premises to prevent attraction to nefarious individuals to commit larceny on its premises prior to its transfer of the property, the existence of any alarm systems or other reasonably prudent methods for safeguarding the Army base prior to the transfer of the property, the date that the transfer actually occurred pursuant to the contract of sale.

Plaintiff contends that the relevant legal issues will include the duty of defendant to maintain the base in a reasonably prudent secure manner prior to the transfer of the property, the liability of the defendant prior to the transfer. Issues of the quantum of damages based either on the right to rescind the contract or other measures of damages based on proximate cause.

Defendant's Statement Of the Issues

1. Whether this Court possesses subject matter jurisdiction to entertain Count I of plaintiffs' complaint pursuant to the Tucker Act.
2. Whether any vandalism occurred at the property, and if so, when said vandalism occurred.
3. When the risk of loss for the property transferred from defendant to plaintiffs, and whether any alleged vandalism occurred before or after the risk of loss was placed on plaintiffs.
4. Whether the terms of the sale contract for the property placed defendant under any obligation to secure or protect the property.
5. If the property was damaged, the amount of damage to the property.
6. If the plaintiffs succeed in their claim, the proper amount of damages owed to plaintiffs.

i. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. The parties do not anticipate that alternative dispute resolution would be helpful at this time, but will consider the use of alternative dispute resolution as the case progresses.

j. Trial

As stated above, after discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling. The parties request that the location of the trial be determined after discovery is complete, but anticipate that the most convenient location will be in Topeka, Kansas, based on the location of the witnesses.

k. Electronic Case Management

The parties have no special issue regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Scheduling Plan

i. The parties propose that initial disclosures be filed by January 21, 2008.

ii. The parties propose that fact discovery be closed by July 1, 2008. Plaintiffs served defendant with discovery on December 10, 2007, but have agreed to allow defendant until February 4, 2008 to respond to said discovery.

iii. The parties propose that any expert reports be exchanged by July 31, 2008.

iv. The parties propose that any expert discovery be concluded by September 2, 2008.

v. The parties propose that they meet and confer within two weeks after the

close of expert discovery in this matter, and file a proposed schedule for the filing of dispositive motions, if necessary, by September 15, 2008.

vi. There is no additional information of which the Court should be aware at this time.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

Attorneys for Defendant

AND

/s/ G. Alexander Novak
G. ALEXANDER NOVAK
Novak, Juhase & Stern
483 Chestnut Street
Cedarhurst, NY 11516
516-569-3030 (tel)
516-569-3039 (fax)
Attorney for Plaintiff

December 17, 2007