IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MENNINGER ARMY RESERVE, LLC and MEYER LANDAU, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-425C (Judge Miller) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to this Court's June 19, 2008 Order, plaintiff and defendant respectfully submit the following joint status report. In addition, we note that we can be reached at the following numbers for the July 8, 2008 status conference. The Government attorney, Ms. Dunsmore, will be at 202-305-7576. Plaintiff's attorney, Mr. Novak, will be at 516-569-3030:

The parties have conferred and agreed upon the following scheduling plan, based on upon the Court's recent Order:

Updated Scheduling Plan

i. The parties filed their initial disclosures on January 21, 2008.

ii. As per the Court's recent Order, fact discovery will close on August 15, 2008. The status of the parties' discovery is as follows: The parties have exchanged written discovery. Defendant will depose plaintiff on July 3, 2008, in New York. Plaintiff intends to depose Government and third party witnesses the week of July 21, 2008 in Topeka, Kansas, and to

depose other Government witnesses the week of July 28, 2008 in Fort Worth, Texas.

iii. The parties will exchange expert reports be exchanged by September 15, 2008.

iv. Any expert discovery will be concluded by October 15, 2008.

v. The parties will file a proposed schedule by October 30, 2008, for the filing of dispositive motions, if necessary.

Counsel for the parties also discussed the following issues:

a. Dispositive Motions

Defendant states that it intends to file a motion to dismiss Count I of the complaint for lack of subject matter jurisdiction. Furthermore, the parties may submit cross-motions for summary judgment pursuant to RCFC 56 after discovery has been completed.

b. Relevant Issues

Plaintiffs' Statement Of the Issues

Plaintiffs state that the relevant factual issues include when the criminal mischief and destruction occurred, defendant's response to such mischief, whether defendant reasonably secured its vacant premises to prevent attraction to nefarious individuals to commit larceny on its premises prior to its transfer of the property, the existence of any alarm systems or other reasonably prudent methods for safeguarding the Army base prior to the transfer of the property, the date that the transfer actually occurred pursuant to the contract of sale.

Plaintiffs state that the relevant legal issues will include the duty of defendant to maintain the base in a reasonably prudent secure manner prior to the transfer of the property, the liability

of the defendant prior to the transfer. Issues of the quantum of damages based either on the right to rescind the contract or other measures of damages based on proximate cause.

Defendant's Statement Of the Issues

1. Whether this Court possesses subject matter jurisdiction to entertain Count I of plaintiffs' complaint pursuant to the Tucker Act.

2. Whether any vandalism occurred at the property, and if so, when said vandalism occurred.

3. When the risk of loss for the property transferred from defendant to plaintiffs, and whether any alleged vandalism occurred before or after the risk of loss was placed on plaintiffs.

4. Whether the terms of the sale contract for the property placed defendant under any obligation to secure or protect the property.

5. If the property was damaged, the amount of damage to the property.

6. If the plaintiffs succeed in their claim, the proper amount of damages owed to plaintiffs.

c. Settlement

The parties anticipate pursuing settlement negotiations upon an informal basis as the litigation progresses. The parties do not anticipate that alternative dispute resolution would be helpful at this time, but will consider the use of alternative dispute resolution as the case progresses.

d. Trial

As stated above, after discovery has been completed, the parties may submit cross-

motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties request that the location of the trial be determined after discovery is completed, but it is likely that the most convenient location will be in Topeka, Kansas, based upon the location of the witnesses.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

/s/Carrie A. Dunsmore
CARRIE A. DUNSMORE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530
Tel: (202) 305-7576
Fax: (202) 514-8624

Attorneys for Defendant

AND

/s/ G. Alexander Novak
G. ALEXANDER NOVAK
Novak, Juhase & Stern
483 Chestnut Street
Cedarhurst, NY 11516
516-569-3030 (tel)
516-569-3039 (fax)
Attorney for Plaintiff

June 27, 2008